GIFFEN, J.
This was an action for damages for a personal injury sustained by reason of the negligence of the plaintiff in error in failing to keep its sidewalk in good repair and free from nuisance.
The evidence clearly established the negligence of the village; but it is sought to avoid responsibility by showing the contributory negligence, not of the defendant in error directly, but through another person under whose care she had temporarily placed herself.
W. B. Collins, for Plaintiff in Error.
Swing, Gashing & Morse and B. B. Tuttle,'contra.
On the day of the accident the defendant in error had been v'siting the family of John Snyder, a resident of the village, and when about to return Mrs. Snyder offered to accompany her and show her the best way to reach the street car. The defendant in error accepted Mis. Snyder’s guidance, and together they started for the street car. This fact did not constitute Mrs. Snyder the agent of the defendant in error in such sense that the contributory neglignce of the former can be imputed to the latter. The doctrine of imputed negligence does not prevail in Ohio — Davis v. Guarnieri, 45 Ohio St., 470.
There being ño error in the record, the. judgment will be affirmed.